UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| DAVID G. PFLUM, <br> a/k/a :David-Gerard: Pflum, <br><br> Petitioner, <br><br> vs. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | 4:17-CV-04064-KES <br><br> REPORT AND RECOMMENDATION |

## INTRODUCTION

Petitioner David Gerard Pflum has filed a pro se petition for habeas corpus pursuant to 28 U.S.C. § 2254. Mr. Pflum is currently incarcerated in St. Marys, Kansas. Mr. Pflum's petition was referred to this magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the October 16, 2014, standing order of the Honorable Karen E. Schreier, United States District Judge.

## FACTS

Mr. Pflum is currently in the custody of the United States Marshals Service and is awaiting sentencing in the District of Kansas. See CR. 14-40062-DDC (D. Kan.) A jury trial was held January 24-26, 2017. The jury returned its verdict finding Mr. Pflum guilty of two counts – 1) attempt to evade and defeat the payment of tax and 2) corrupt endeavor to obstruct or impede the due administration of the internal revenue laws. Sentencing is scheduled for May 8, 2017. Mr. Pflum seeks to have his case transferred to the District of

South Dakota for resolution and ultimate dismissal by the Honorable Lawrence L. Piersol.

## DISCUSSION

It is unclear from Mr. Pflum's pleadings whether he is asking (1) to have his District of Kansas criminal action transferred to the District of South Dakota or (2) whether he seeks an order from this court that he is being held illegally in violation of federal law in Kansas. Either request must fail.

First, in order to have his criminal case transferred to this district, Mr. Pflum would be required to comply with the dictates of FED. R. CRIM. P. 20. That rule requires Mr. Pflum to agree to plead guilty and to obtain the written permission for the transfer from the United States Attorneys for both districts. Mr. Pflum went to trial on his charges; he did not plead guilty. Furthermore, no evidence appears that the United States Attorneys for both districts have agreed to a transfer. Therefore, if Mr. Pflum is asking the court to transfer his criminal case to the District of South Dakota, his request must be denied.

Second, if Mr. Pflum is instead asserting the illegality of his detention in the District of Kansas, he has asserted a claim under the wrong statute. Section 2254 of Title 28, referenced by Mr. Pflum in his pleadings, allows for habeas relief for persons imprisoned pursuant to a judgment of a state court. Mr. Pflum's proceedings in the District of Kansas are pending in federal, not state court. Even if habeas relief under § 2254 were possible, Mr. Pflum would have to first exhaust his remedies in state court. Since he filed his pleadings before sentencing, he has not exhausted his state court remedies.

**CONCLUSION**

Based on the foregoing law, facts, and analysis, this magistrate judge respectfully recommends denying relief on these pleadings and dismissing Mr. Pflum's case without prejudice.

**NOTICE TO PARTIES**

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the District Court. Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED this 8th day of May, 2017.

BY THE COURT:

VERONICA L. DUFFY
United States Magistrate Judge