UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| DAVID G. PFLUM, a/k/a :David-Gerard: Pflum, Petitioner, vs. UNITED STATES OF AMERICA, Respondent. | 4:17-CV-04064-KES ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING PETITION |

Petitioner, David Gerard Pflum, filed this petition for writ of habeas corpus under 28 U.S.C. § 2254. Docket 1. The matter was assigned to United States Magistrate Judge Veronica L. Duffy under 28 U.S.C. § 636(b)(1)(B) and this court's October 16, 2014 standing order. Magistrate Judge Duffy recommends that the petition be dismissed because Pflum has not fulfilled the requirements to transfer his case and relief under § 2254 is unavailable to him.

The court's review of a Magistrate Judge's report and recommendation is governed by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. The court reviews de novo any objections to the magistrate judge's recommendations with respect to dispositive matters that are timely made and specific. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). In conducting its de novo review, this court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *United States v. Craft*, 30 F.3d 1044, 1045 (8th Cir. 1994).

Pflum objects to Magistrate Judge Duffy's recommendation of dismissal, but does not respond to the analysis in the report and recommendation. In his objection, Pflum states that his original filing was meant to be a petition for writ of habeas corpus under 28 U.S.C. § 2241. Docket 5 at 2. "A petitioner may attack the execution of his sentence through § 2241 in the district where he is incarcerated[.]" *Matheny v. Morrison*, 307 F.3d 709, 711 (8th Cir. 2002). Pflum is currently incarcerated in Kansas. *See* Docket 1 at 10. Therefore, even if Pflum's filing is construed as a habeas petition brought under 28 U.S.C. § 2241, the United States District Court for the District of South Dakota has no jurisdiction over such a petition. The report and recommendation is adopted in full, and Pflum's petition is dismissed.

"A district court may deny an evidentiary hearing where (1) accepting the petitioner's allegations as true, the petitioner is not entitled to relief, or (2) 'the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Guzman-Ortiz v. United States*, 849 F.3d 708, 715 (8th Cir. 2017) (quoting *United States v. Sellner*, 773 F.3d 927, 929–30 (8th Cir. 2014)). Here, an evidentiary hearing is not required because the record shows that Pflum is incarcerated in Kansas, that he is a federal prisoner, and that he pleaded guilty.

Before denial of a § 2254 petition may be appealed, a petitioner must first obtain a certificate of appealability from the district court. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). A certificate may be issued "only if the

applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(2). A "substantial showing" is one that demonstrates "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The court finds that Pflum fails to make a substantial showing that the district court's assessments of his claims are debatable or wrong. Consequently, a certificate of appealability is not issued.

Thus, it is ORDERED

1. Pflum's objection to the report and recommendation (Docket 5) is overruled.
2. The report and recommendation (Docket 4) is adopted in full.
3. Pflum's petition for writ of habeas corpus under 28 U.S.C. § 2254 (Docket 1) is dismissed.
4. A certificate of appealability is not issued.
5. Pflum's motion for change of sentencing date or to dismiss (Docket 3) is denied as moot.

Dated May 22, 2017.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE